IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CYRUS,                          :        CIVIL ACTION NO. **4:CV-08-2278**
                                     :
            Plaintiff                :        (Judge McClure)
                                     :
                  v.                 :        (Magistrate Judge Blewitt)
                                     :
P.A. PARAMEDIC J. W. FREYNIK,        :
                                     :
            Defendant                :

## REPORT AND RECOMMENDATION

### I. Background.

John Cyrus, the *pro se* Plaintiff, who is currently an inmate at the United States Penitentiary at Terre Haute, Indiana, filed this *Bivens*[1] civil rights action, pursuant to 28 U.S.C. § 1331, on December 22, 2008. (Doc. 1). During the relevant time of this case, Plaintiff was confined at FCI-Allenwood. Plaintiff alleges that Defendant Freynik, a physician assistant, denied him medical care in violation of the Eighth Amendment for the injuries he allegedly sustained after he was assaulted by four corrections officers at a North Carolina airport in January 2008. Plaintiff was being transported from FMC-Butner back to FCI-Allenwood when he was allegedly assaulted by the Correctional Officers ("CO's") at the North Carolina airport. Plaintiff averred that Defendant

---

1 .  *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  The Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential), noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . "

Freynik refused to give him medical care when he arrived at FCI-Allenwood due to Plaintiff's prior lawsuit against Freynik in Civil No. 06-2051, M.D. Pa.[2]

On May 19, 2009, Defendant Freynik filed a Motion for Summary Judgment. **(Doc. 14)**. A support Brief and a Statement of Material Facts ("SMF") were filed on June 3, 2009. (Docs. 15 and 16). Defendant attached copies of two court cases to his Brief which deal with the mandatory exhaustion requirement under the PLRA. (Doc. 15-2).

Plaintiff's failure to timely file an opposition brief resulted in the issuance of an Order on June 25, 2009, affording Plaintiff, *sua sponte*, additional time, until July 13, 2009, to file his opposition brief. (Doc. 17). The Doc. 17 Order also advised Plaintiff that his failure to timely file an opposition brief would result in a recommendation that Defendant's Motion for Summary Judgment be deemed unopposed pursuant to Local Rule 7.6, M.D. Pa.[3]

**II. Discussion.**

To date, Plaintiff has neither filed a brief in opposition to Defendant's Motion for Summary Judgment nor requested an extension of time within which to do so. The Court , *sua sponte*, has given Plaintiff additional time of over one week from the July 13, 2009 deadline to file his opposition brief. Defendant's Motion for Summary Judgment should therefore deemed unopposed pursuant to Rule 7.6, M.D. Pa., and it should be granted.

---

2. Plaintiff's Civil No. 06-2051 case was dismissed by the Court on June 25, 2007.

3. Plaintiff Cyrus, a frequent litigator in this Court, was provided a copy of the pertinent Local Rules in this case as well as in the numerous other cases he filed. (Doc. 2).

In the present case, Plaintiff Cyrus was forewarned that if he did not file his opposition brief, we would recommend that Defendant's Motion for Summary Judgment be deemed unopposed. As noted, Plaintiff was also given a copy of the pertinent Local Rules of this Court. (Doc. 2). He was well aware of the requirements of Local Rule 7.6, M.D. Pa.

Since Plaintiff Cyrus was specifically directed to file his opposition brief and he was specifically advised that his failure to do so would result in a recommendation that Defendant's Motion for Summary Judgment be deemed unopposed, we find that Local Rule 7.6 should be invoked and Defendant's unopposed Motion should be granted.

Moreover, we find merit to Defendant's unopposed Summary Judgment Motion.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.,* 477 S.Ct. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F.Supp. 314, 320 (E.D. Pa. 1982), *aff'd. mem*. 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions,

answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, quoting *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

As mentioned, Plaintiff raised an Eighth Amendment claim against Defendant Freynik for his alleged failure to treat Plaintiff's injuries sustained during an alleged assault by CO's at the North Carolina airport.

Defendants assert just one argument in their Summary Judgment support Brief, namely, that Plaintiff failed to exhaust his Bureau of Prisons ("BOP") administrative remedies with respect to his Eighth Amendment claim prior to filing his Complaint. (Doc. 15, p. 2 and pp. 4-7). Defendant attached two court opinions to his Brief to support his contention. (Doc. 15-2). Also,

4

as stated, Defendant filed his SMF with attached evidence, as required by Local Rule 56.1, M.D. Pa., which supports his position that Plaintiff did not exhaust his available BOP administrative remedies. (Doc. 16, ¶'s 1.-28., Ex. 1 and Atts. 1-4).[4]  Plaintiff, as mentioned, failed to file his paragraph-by-paragraph response to Defendant's SMF as he was obliged to do and as he was aware he was required to file.

Since Defendant has properly filed their SMF in support of their Summary Judgment Motion (Doc. 21), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by evidence, we shall adopt as our own all of Defendants' facts contained in their SMF. Further, none of Defendants' facts are disputed by Plaintiff, either through his opposition Brief or through his evidence.  Thus, Plaintiff has not responded to Defendants' SMF as required by Local Rule 56.1 of M.D. Pa.  *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.[5]

Defendant Freynik, as Defendants did in the case of *Cyrus v. Laino,* has undisputedly shown that Plaintiff did not fully and properly exhaust his BOP administrative remedies with respect to his sole Eighth Amendment claim against him.  Specifically, we find that the undisputed evidence shows that "Plaintiff did not file a single administrative remedy regrading the allegations made against [Defendant Freynik] in this action."  (Doc. 16, Ex. 1, ¶ 18.).  Since Defendant's SMF are

---

4.  Defendant Bates Stamped his evidence from pages 1 through 187 for the Court's convenience.

5.  In a similar case filed by Plaintiff Cyrus, this Court found that Plaintiff's failure to exhaust his available BOP administrative remedies with respect to his Eighth Amendment claims against prison staff warranted the granting of Defendants' summary judgment motion. *See* May 8, 2009 Order of Court, Civil No. 08-1085, M.D. Pa., Doc. 26.

supported by evidence and since Plaintiff has not properly responded to them, as stated, we shall accept all of Defendant's SMF as undisputed. We shall incorporate them herein by reference and shall not repeat them herein. (Doc. 16, ¶'s 1.-28.). *See U.S. ex rel. Paranich v. Sorngard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record).[6]

In the case of *Barthalow v. David H. Martin Excavating, Inc.*, 2007 WL 2207897, * 1, n. 5, (M.D. Pa. 2007), this Court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides that a summary judgment motion must include a separate concise statement of material facts. M.D. Pa. Local R. 56.1. The rule also requires that an opposition to a summary judgment motion must similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]. " *Id.*

*See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D.Pa. 2006) ("it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff *see* L.R. 56.1 providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement").

Defendant's uncontested evidence shows that the Plaintiff did not exhaust his Eighth Amendment claim against him.

---

6. *See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

Section 1997(a) of the Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

The Third Circuit Court of Appeals has held that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a civil rights action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002). The Third Circuit has recently stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies **prior to filing suit in federal court**." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted)(emphasis added). The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Id.* Defendants, in their Brief (Doc. 20, pp. 6-7), also correctly point out that there is no exception for alleged futility, citing to *Nyhuis v. Reno,* 204 F. 3d 65 (3d Cir. 2000).

As the Court stated in *Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D. Pa.):[7]

> Under the Prison Litigation Reform Act ("PLRA"), exhaustion
> of administrative remedies is required for all actions concerning
> prison conditions brought under federal law. *See* 42 U.S.C. § 1997e(a);
> *see Woodford v Ngo*, 126 S.Ct. 2378 (2006). The "exhaustion
> requirement applies to all inmate suits about prison life, whether
> they involve general circumstances or particular episodes, and
> whether they allege excessive force or some other wrong." *Porter v.
> Nussle*, 534 U.S. 516 (2002). "The PLRA attempts to eliminate
> unwarranted federal-court interference with the administration of
> prisons, and thus seeks to afford corrections officials time and opportunity
> to address complaints internally before allowing the initiation of a
> federal case." *Woodford*, 126 S.Ct. at 2387 (internal quotation and
> citation omitted). "The benefits of exhaustion can be realized only if the
> prison grievance system is given a fair opportunity to consider the
> grievance." *Id*. at 2388.

> The PLRA mandates that inmates "properly" exhaust administrative
> remedies before filing suit in federal court. *Id*. at 2387. "Proper
> exhaustion demands compliance with an agency's deadlines and
> other critical procedural rules because no adjudicative system can
> function effectively without imposing some orderly structure on the
> course of its proceedings." *Id*. at 2386. Failure to substantially comply
> with the procedural requirements of the applicable prison's grievance
> system will result in a procedural default of the claim. *Spruill v. Gillis*,
> 372 F.3d 218, 227-32 (3d Cir. 2004). The PLRA "completely precludes
> a futility exception to its mandatory exhaustion requirement." *Nyhuis v.
> Reno*, 204 F.3d 65, 71 (3d Cir. 2002).

The evidence is undisputed that Plaintiff Cyrus has not complied with the exhaustion requirement for his stated Eighth Amendment claim against Defendant. The uncontested evidence shows as follows:

---

7. Defendant has attached a copy of the *Fortune* opinion to his Brief, Doc. 15-2.

11. On May 12, 2009, I [McCluskey] conducted a search of the records to determine whether the Plaintiff exhausted available administrative remedies regarding his complaints that the Defendant denied him medical treatment on January 3, 2008, and the Defendant denied him medical treatment in retaliation for a previous lawsuit Plaintiff filed against the Defendant. This review has revealed that the Plaintiff has failed to exhaust available administrative remedies regarding these claims against the Defendant. <u>See</u> Attachment 2, Administrative Remedy Generalized Retrieval

12. Specifically, the Plaintiff has filed a total of 298 administrative remedies. Although a good majority of the 298 remedies were filed after January 3, 2008, the date in issue, none of the administrative remedies concerned Defendant's alleged failure to provide Plaintiff medical treatment. <u>See</u> Attachment 2.

13. The first administrative remedy Plaintiff filed after January 3, 2008, was administrative remedy 479057-R1, which was filed with the Bureau of Prisons' Mid-Atlantic Regional Office on January 14, 2008. In that remedy, it appears the Plaintiff was complaining about staff conduct while he was at FMC Butner on November 29, 2007. This remedy was rejected by the Regional Office because it was not considered a sensitive issue and was untimely. <u>See</u> Attachment 2.

14. The next remedy Plaintiff filed was administrative remedy 479059-R1, on January 14, 2008. This remedy was also filed with the Mid-Atlantic Regional Office and concerned allegations of staff misconduct while the Plaintiff was being transferred from FMC Butner and the airport in North Carolina to FCI Allenwood. This remedy was rejected by the Regional Office because it was not considered a sensitive issue and was therefore filed at the wrong level as it should have been filed at the institution level. <u>See</u> Attachment 2.

15. On January 22, 2008, the Plaintiff filed administrative remedy 466526-A1, which was an appeal filed with the Central Office concerning Plaintiff's allegation that he was given the wrong medication when he was at FMC Butner. <u>See</u> Attachment 2.

16. On January 28, 2008, the Plaintiff filed administrative remedy 480342-F1 with the Warden at FCI Allenwood. This remedy was a request by Plaintiff for a wheelchair. The remedy was denied by the Warden on February 4, 2008. <u>See</u> Attachment 3, Administrative

Remedy 480342-F1.

17.     Also on January 28, 2008, the Plaintiff filed administrative remedy
        480345-F1 with the Warden at FCI Allenwood complaining about
        not receiving medical supplies and treatment from Health Services
        staff.  This remedy, which did not make any allegations against the
        Defendant in this action, was denied by the Warden on February 4,
        2008.  <u>See</u> Attachment 4, Administrative Remedy 480345-F1.

18.     Pursuant to 28 C.F.R. § 542.14(a), the deadline for completion of
        informal resolution and filing a formal administrative remedy
        request with the institution is 20 days following the date on which the
        basis for the request occurred.  Accordingly, the Plaintiff had 20 days
        from January 3, 2008, to complete informal resolution and file an
        administrative remedy with the institution concerning his allegations
        against the Defendant.  The Plaintiff did not file a single administrative
        remedy regarding the allegations made against the Defendant in this
        action.

(Doc. 16, Ex. 1, McCluskey Declaration, pp. 4-6,  ¶'s 11.-18. and Atts. 2-4).[8]

Since it is not disputed that Plaintiff did not fully exhaust his BOP administrative

remedies  complaining about the alleged January 2008 failure of Defendant to provide him with

medical care at FCI-Allenwood, he is now procedurally defaulted from pursuing his Eighth

Amendment claim raised in this case.   Thus, we will recommend that the Motion for Summary

Judgment of Defendant Freynik (Doc. 14) be granted and that Judgment be entered in Defendant's

favor and against Plaintiff.  *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.

---

8.   We note that since Defendant's evidence details the complete BOP Administrative Remedy
process, we do not repeat it herein.  (Doc. 16, Ex. 1, McCluskey Declaration, pp. 2-3, ¶'s 5.-8.).

**III. Recommendation.**

Based on the foregoing, we respectfully recommend that Defendant's unopposed Motion for Summary Judgment **(Doc. 14)** be granted, and that Judgment be entered in favor of Defendant Freynik and against Plaintiff Cyrus. We also recommend that this case be closed.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 22 , 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CYRUS, | : | CIVIL ACTION NO. **4:CV-08-2278** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| P.A. PARAMEDIC J. W. FREYNIK, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **July 22, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                          **s/ Thomas M. Blewitt**
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: July 22, 2009**